UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TIMOTHY MOORE,
    Petitioner,

                                 PRISONER
    v.                               Case No.  3:14CV1316 (SRU)

WARDEN CHAPDELAINE,
    Respondent.

## RULING AND ORDER

The petitioner is currently an inmate at the MacDougall Correctional Institution in Suffield, Connecticut. He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 state court conviction. For the reasons set forth below, the petition is dismissed without prejudice.

**I.**     **Procedural Background**

In December 2011, in the Connecticut Superior Court for the Judicial District of Hartford, the petitioner pleaded guilty to one count of robbery in the third degree in violation of Connecticut General Statutes § 53a-136(a), and one count of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a)(1). *See* Pet. Writ Habeas Corpus at 2. A judge sentenced the petitioner to seventeen years of imprisonment. *See id.* The petitioner did not appeal his conviction or sentence.

In March 2014, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville raising claims of ineffective assistance of counsel and newly discovered evidence.[1] *See id.* at 3. That petition is still pending.

---

[1] The petitioner refers to the case number of his state habeas petition as the number

*See id.* at 18.

## 2. Standard of Review

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982), *cert. denied*, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. *See Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors that may have crept into the state criminal process. *See id.* Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. *See O'Sullivan*, 526 U.S. at 843 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." *Lloyd v. Walker*, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing *Wilson v. Harris*, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal

---

assigned to his state criminal case. Habeas petitions are assigned civil case numbers when they are filed in state court. Connecticut Superior Court records reflect that the petitioner filed a state habeas petition in March 2014, *Moore v. Warden, State Prison*, Case No. TSR-CV14-4006064-S. *See* www.http://civilinquiry.jud.ct.gov (last visited November 20, 2014).

constitutional claims to the highest state court before a federal court may consider the merits of the claims. *See Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

### III. Discussion

The petitioner raises four claims in his petition. In grounds one, two and four, the plaintiff claims that his attorney was ineffective in multiple ways. In ground three, the plaintiff contends that the trial judge erred in denying his motion for permission to undergo a lie detector test.

The petitioner has raised all four claims in his state habeas petition. The petitioner concedes that the habeas petition remains pending in state court. As such, the petitioner has not exhausted his available state court remedies before filing this action.

### IV. Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies with respect to any claim raised in the petition.[2] The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies.[3]

---

[2] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). *Zarvela* is inapplicable to this case because this is not a mixed petition. None of the claims has been exhausted.

[3] As the petitioner is aware from information contained on page twenty of the habeas petition form that he filed in this action, 28 U.S.C. § 2244(d)(1) imposes a one-year statute of

The Clerk is directed to enter judgment and close this case.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, the Court stated that, [w]here a plain

---

limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

It appears that the one-year statute of limitations may have expired before the petitioner filed his state habeas petition in March 2014 and this federal petition in September 2014. A judge sentenced the petitioner on December 15, 2011. Under Connecticut law, the petitioner had twenty days, or until January 4, 2012, to file a direct appeal of his conviction. *See* Conn. Practice Bk. § 63-1.

Petitioner indicates that he did not file a direct appeal, but rather filed a state habeas petition. Once the time for filing a direct appeal to the Connecticut Appellate Court expired without a direct appeal being filed, the possibility of petitioning the United States Supreme Court for certiorari became moot. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court). Thus, the petitioner's conviction became final on January 4, 2012. The limitations period began to run the following day. The limitations period expired one year later, on January 5, 2013. Superior Court records reflect that the petitioner did not file his state habeas petition, *Moore v. Warden, State Prison*, Case No. TSR-CV14-4006064-S, until March 18, 2014, after the limitations period expired. Thus, if the petitioner returns to this court by filing a new habeas petition after he has exhausted his state court remedies, he will need to demonstrate why the petition is not barred by the statute of limitations.

The United States Supreme Court has held that the doctrine of equitable tolling applies in section 2254 cases. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). Equitable tolling may only be applied in habeas cases in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir.), *cert. denied sub nom. Diaz v. Conway*, 555 U.S. 870 (2008). The court makes no determination at this time whether any subsequent federal

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies or that the petitioner should be permitted to proceed further. Accordingly, a certificate of appealability will not issue.

SO ORDERED this 16th day of December 2014, at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

petition will be barred by the statute of limitations.